RUMPF v. CALLO ET AL.

(February 16, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

Dufour, St. Paul & Levy and Augusto P. Micelli, of New Orleans, attorneys for plaintiff, appellee.

St. Clair Adams and St. Clair Adams, Jr., of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Ewald Rumpf was injured in an intersectional collision between a Ford automobile in which he was riding and a motortruck driven by defendant Callo and claimed by plaintiff to have been at the time engaged in the business of the other defendant, Jahncke Service, Inc.

The accident occurred on December 5, 1929, near the end of a protracted strike of street railway employees, and the Ford, on the rear seat of which plaintiff was riding, was operating at the time as a so-called "jitney," that is to say, it was being driven by its owner for the purpose of carrying passengers for hire. It was proceeding out Tulane avenue and the truck was coming down Carrollton avenue towards Canal street.

It is conceded that the driver of the motortruck was at fault. He was not looking and did not stop before crossing the street railway tracks which, at that point, turn from Tulane avenue into Carrollton avenue.

It is also conceded, as it must be, that if the driver of the Ford was negligent, that negligence may not be imputed to Rumpf, but it is charged that Rumpf was guilty of independent negligence on his own part, in that, prior to the accident, he had not made certain that the driver of the Ford was competent and careful, and in that he did nothing just prior to the collision to call the attention of his driver to the fact that the truck was approaching and that a collision was impending.

It is true that we held in Williams v. Lenfant, 131 So. 857, decided by us January 19, 1931, that a passenger in an automobile who sees that danger is impending, and who has an opportunity to warn an apparently unobservant driver, must do so, but such a rule has no application unless it appears that there was an opportunity to warn and that there was time for the driver to heed the warning.

Here there was no such opportunity, and when it became apparent that the truck would not stop, but that the driver thereof intended crossing the street railway tracks, there no longer remained time for a warning cry to be uttered, and even if it had been uttered there was not sufficient time left for the driver to heed it.

We are also of the opinion that plaintiff did all that could be required of him in regard to ascertaining whether the driver of the Ford in which he was riding was competent and careful. He states that he watched the driver of the Ford for several minutes, and that his actions indicated familiarity with the handling of such a car, and that nothing he did created the impression that he was careless or incompetent.

Since plaintiff was guilty of no negligence on his own part, and since his right to recover from a third person whose negligence is a contributing cause of his injuries may not be defeated even if the driver of the car in which he was riding may to some extent have been also at fault, we feel that the finding of the trial court that defendant Callo should be held liable was correct.

The judgment below dismissed the suit as against the other defendant, Jahncke Service, Inc. Callo has appealed, and he complains that the judgment is erroneous, not only in that it was rendered against him, but also because it was rendered in favor of his co-defendant, Jahncke Service, Inc.

Plaintiff did not appeal from that part of the judgment which dismissed his suit against Jahncke Service, Inc., but, in an answer to the appeal of the other defendant, Callo, plaintiff asks not only that the amount awarded below be increased, but also that the judgment dismissing his suit against Jahncke Service, Inc., be reversed.

His answer to the appeal of Callo cannot have the effect of bringing Jahncke Service, Inc., back into the case. If plaintiff was not satisfied with the judgment as rendered, it was his right to appeal therefrom as against the other defendant. Since he did not do so, he cannot by answer to the appeal taken by Callo maintain his action against Jahncke Service, Inc.

Nor can the defendant Callo be heard to complain of a judgment in favor of his co-defendant. Solidary liability rests on joint tort-feasors. Each, if guilty of negligence proximately contributing to an accident, is liable for the whole damage. An injured party may sue either or both and neither has any right as against the other.

"The liability arising from negligence constituting the offense or quasi offense is to the injured party, but creates no liability, one to the other, of those to whom the negligence is imputed. * * *" Louis Sincer v. Heirs of M. M. Bell, 47 La. Ann. 1548, 18 So. 755.

It is true that there are certain circumstances which may create in two or more persons solidary liability to a person injured and in which cases there may nevertheless exist the right of contribution in favor of one of the joint tort-feasors and against the other, but that situation only arises where one of the parties is only technically and constructively at fault or where one of the parties is, as it is sometimes expressed, vicariously liable.

For instance, in Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, it was held that an owner of a newly purchased building could maintain an action to recover back from the former owner an amount paid for damages suffered by a party injured by a defect in the building, because at the time of the injury the former owner was still in possession of the premises. The new owner was liable only because of its legal status as owner, and not by reason of any actual act of negligence on its part.

The principle that a person liable only vicariously may recover back from a joint tort-feasor such amount as he may be called upon to pay was followed in Sutton v. Champagne et al., 141 La. 470, 75 So. 209, 211. Champagne, one of the defendants, had given his minor son a rifle. The boy lent the gun to the minor son of the other defendant, Mrs. Sill. The Sill boy discharged the rifle and plaintiff's son was killed. The father of the boy who gave the gun to his minor child and Mrs. Sill, the mother of the boy who discharged the gun, being sued, were held liable in solido as joint tort-feasors, but Mrs. Sill was given judgment against Champagne because of the fact that Champagne was primarily liable in that he produced the gun. The court said:

"The solution of the problem must be that, while she [Mrs. Sill] is liable to the plaintiff, she has her recourse over against the person who by his act brought the responsibility upon her; and we shall so decide."

Here the situation is exactly reversed; if the Jahncke Service, Inc., can be held liable at all, it can only be as a result of the negligence of Callo. If such liability can be placed upon Jahncke Service, Inc.,

then Jahncke Service, Inc., under the doctrine of the Sutton v. Champagne and of Appalachian Corp. v. Brooklyn Cooperage Co., supra, can maintain an action against Callo to recover back any amount it might have to pay to the injured party, but surely Callo cannot maintain an action against the Jahncke Company to recover back any amount he may be required to pay. Therefore, Callo has no interest whatever in retaining the Jahncke Company as a co-defendant.

Jahncke Service, Inc., is not now before us either as a result of the appeal by defendant Callo or as the result of plaintiff's answer thereto.

Nothing remains but a consideration of the quantum. Plaintiff was awarded $1,675 in the court below. The most serious of the injuries was a linear fracture of the skull. The evidence shows that the fracture was very slight and that while all fractures of the skull are more or less serious, this one was characterized as "the simplest form of fracture known." There was no pressure upon the brain, and the doctors all testified that there was no reason why the injured party should not completely recover after a few months. The hospital record shows that plaintiff regained consciousness on the second day but the physicians who testified on his behalf stated that this was an error and that he did not regain consciousness for five days. He returned to work in seven weeks. While the amount awarded appears to us to be small, we do not feel that it is so manifestly inadequate as to justify our interfering with the conclusion reached by our brother below.

The judgment appealed from is affirmed.