## MOAK v. CALLO

(May 25, 1931. Opinion and Decree.)

Chas. E. de la Vergne, of New Orleans, attorney for plaintiff, appellant.

St. Clair Adams, Jr., of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff seeks to recover for personal injuries to himself and for damage caused to the Ford automobile he was driving when it was run into at the corner of Tulane and Carrollton avenues by a large motor truck operated by defendant. For personal injuries the sum of $9,000 is claimed and for the damage to the automobile the sum of $400 is asked. Plaintiff was not the owner of the automobile but he has purchased from the owner the right to claim damages therefor and all rights of the owner have been assigned to him.

The Ford was on Tulane avenue. The truck was approaching on Carrollton avenue from plaintiff's left.

The collision took place when the Ford was approximately in the center of the downtown driveway of Carrollton avenue and there is no doubt that the truck struck the Ford.

The evidence shows that the truck had approached at a speed of about 20 miles per hour; that the driver thereof was not looking and that he drove across the street railway tracks without stopping or reducing his speed. In all these respects then he was guilty of negligence, as we have already held in Rumpf v. Callo et al., 16 La. App. 12, 132 So. 763, which litigation grew out of this same accident and, in which Rumpf, plaintiff, was a passenger in the car driven by Moak.

However, in spite of the negligence of Callo we are of the opinion that the district judge was correct in his conclusion that plaintiff should not be permitted to recover for the reason that he, himself, was contributorily negligent and that but for his negligence there would have been no accident.

Moak states that he saw the truck approaching the intersection when it was still about a quarter of a block away; that he continued to watch it as it aproached and that it did not slacken its speed as it reached the street car tracks. Under these circumstances, whatever may have been the fault of the other driver, it was Moak's duty to take proper precautions for his own safety. He could not, merely because he was entitled to the right of way under the traffic ordinance of the city (No. 7490 C. C. S.) drive directly in front of an approaching vehicle and then be permitted to recover for injuries sustained.

Furthermore, it seems reasonably certain that he was aware of the fact that the driver of the truck was unmindful of the approach of the Ford. In his testimony given on the witness stand Moak states that he did not know which way the other driver was looking but, in a statement made shortly after the accident, he had previously said, "I could see the truck driver looking in the other direction." Whether he really saw the truck driver or not is of no great importance because from his own statement and from the testimony of his witnesses it appears to have been quite apparent that the truck driver was oblivious of the danger and had no intention of stopping. Therefore, Moak should, himself, have stopped if necessary to avoid a collision. His own negligence prevents recovery.

It is evident that only questions of fact are involved and it is equally apparent that the trial judge was not manifestly in error when, in his reasons for judgment, he said:

"Under the circumstances the Court finds Moak to blame in part for the accident."

The judgment appealed from is affirmed.