(136 So. 486)

**ROONEY v. OVERSEAS RY., Inc., et al.**
**Inc., et al.**

No. 31261.

July 17, 1931.

Pomes & McCabe and Lemle, Moreno & Lemle, all of New Orleans, for applicant.

Gordon Boswell and Terriberry, Young, Rault & Carroll, all of New Orleans, for respondents.

OVERTON, J.

This case is before us on a writ of review from a judgment (134 So. 765) of the Court of Appeal for the Parish of Orleans, affirming a judgment of the civil district court of that parish, sustaining an exception of no cause of action. The exception was sustained against a petition, filed by Mrs. Rooney, the widow of Joseph E. Rooney, individually and as natural tutrix of her minor children, the issue of her marriage with Joseph E. Rooney, for damages, arising ex delicto, under article 2315 of the Civil Code, for personal injuries, suffered by Joseph E. Rooney, and resulting in his death.

The facts disclosed by the petition, which bear any pertinency to the issues here presented, are, in substance, as follows:

Rooney, in the month of March, 1929, the month in which the injuries were received, was in the employ of the Todd Engineering Dry Dock & Repair Company, Inc., as a mechanic. This company, we shall refer to as the Todd Company. On March 31, 1929, in compliance with the request of the Overseas Railways, Inc., and the Mississippi Shipping Company, Inc., the Todd Company sent Rooney to the steamship Seatrain to make repairs thereon. The Seatrain was docked alongside a lifting crane, constructed on the wharf, and used to lift and carry loaded freight cars from the docks to the boat and from the boat to the docks. Both the crane and the Seatrain were owned and operated by the Overseas Railway, Inc., and the Mississippi Shipping Company, Inc., which were engaged in the business of carrying loaded freight cars between the port of New Orleans and foreign ports. While Rooney was working on the Seatrain, the superintendent in charge of both the Seatrain and the crane, acting within the scope of his employment, to quote from the petition, "ordered and instructed said Rooney to leave the Seatrain, and go up on the crane, which had suddenly developed trouble, and there examine the engines and gears, which are used to lift and convey said loaded freight cars." While the superintendent and Rooney were on the rolling platform of the crane, on their knees, with their heads near the running gears, to ascertain whether they could hear any unusual sounds or trouble in the gears or engine, the engine running idly at the time, J. K. Smith, the operator of the engine, started the platform in motion, as a result of which Rooney's head, while the platform was moving, came in contact with a bracing beam, not attached to the platform, as a result of which Rooney received severe injuries on his head, resulting later in his death. These injuries were due to the fact that, although Smith had visited the platform while the superintendent and Rooney were there, upon his return to his cabin, without notice to Rooney, he started the platform in motion, moving it beyond the usual distance, and to the further fact that the superintendent, although familiar with the construction of the crane, while Rooney, who had never worked on it before, was not, failed to warn him of the danger. An allegation is made by plaintiffs that, as the insurer of the Todd Company has recognized its liability to plaintiffs, based upon the hypothesis that Rooney died from injuries received while in the employ of the Todd Company, and as it

has paid, or is about to pay, plaintiffs approximately $7,095.20, whatever judgment plaintiffs may obtain in this case should be subject to the insurer's claim for approximately $7,095.20. The prayer of the petition is for a judgment of $69,488.70.

The exception of no cause of action rests upon the ground that plaintiffs do not show a cause of action for damages ex delicto, under article 2315 of the Civil Code, which she attempts to assert, for the petition shows that Rooney was an employee of defendants at the time of the injury. Therefore, it is urged, whether Rooney was the immediate or the remote employee of defendants, plaintiffs' sole remedy is under the Employers' Liability Act (Act No. 20 of 1914, as amended), which plaintiffs have pursued and exhausted by claiming and recovering compensation from the Todd Company.

The position that Rooney was a remote employee of defendants rests upon section 6 of the Employers' Liability Act (as amended by Act No. 85 of 1926), which recites that when any person, referred to in the section as the principal, undertakes to execute work, which is a part of his trade, business, or occupation, or which he had contracted to perform, and contracts with any person, referred to in the section as the contractor, for the execution by or under the contractor, of the whole or any part of the work, undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work, or his dependent, for any compensation under the act which he would have been liable to pay if that employee had been immediately employed by him.

The Court of Appeal correctly found that there is nothing in the petition which would justify the conclusion that the repairs, undertaken by Rooney, were of such a nature as, in the usual course of defendants' business,

which was that of loading, unloading, and operating the Seatrain, would be undertaken by their employees, engaged to conduct their business. This, of itself, suffices to show that section 6 of the act has no application here.

The Court of Appeal, however, in our view, are in error in sustaining defendants' position that Rooney, at the time of the accident, was the immediate, or direct, employee of defendants. To sustain the position, it must appear that Rooney became the employee of defendants by contract of hiring, verbal, written, or implied. Section 3 of Act No. 20 of 1914 (as amended by Act No. 85 of 1926). One may be in the general employment of another, and, at the same time, in the special employment of still another, for a particular occasion, without surrendering his general employment. 28 R. C. L. p. 764, § 58. These principles are not questioned.

The only facts upon which to base a conclusion that Rooney became the employee of defendants are that he, while in the employ of the Todd Company, was sent by that company to make repairs on the Seatrain; that, while making these repairs, the lifting crane —a machine apart from the Seatrain, though used in conjunction with it—became suddenly in need of repairs of an unknown character, and the superintendent of both the Seatrain and the lifting crane ordered and directed plaintiff to go upon the latter to ascertain and correct the trouble; and that plaintiff had never before worked upon the crane, and knew nothing of its steel or other construction.

Resolving all doubts in the pleadings against the pleader, nevertheless these facts do not show, or even make likely, that Rooney, when he complied with the superintendent's instructions, became the employee of defendants. The presumption is that, when he left the Seatrain to go upon the crane, he went upon it

as the employee of the Todd Company, and continued so until the accident. Cf. Emack's Case, 232 Mass. 596, 123 N. E. 86. The facts do not logically admit of any other presumption or inference. It is not unusual for an employee, who is sent by his master to do a particular thing for another, in the course of his master's business, after arriving there, to be called upon to do, in addition, some other thing in the same line, but it is not considered that the employee, in undertaking to do such other thing, is acting for himself, and not for the one who sent him. To hold to the contrary would have a tendency to upset, as between master and employee, the established order of things, for it would throw the employee in competition with his master. The fact that Rooney was sent to do mechanical work on the Seatrain does not operate to show, or even make likely, that his authority, derived from the Todd Company, was limited to doing such work on the Seatrain, and did not extend, if deemed expedient, in an apparent emergency, to doing mechanical work on an agency which, though not part of the vessel, was used in connection with it, and which was owned by the same parties. The fact that Rooney had not worked on the crane before, and knew nothing of its steel or other construction, does not show, or make likely, that, by working thereon, he exceeded the scope of his authority, derived from the Todd Company, and thereby became, which is essential, the employee of defendants. It is not uncommon for mechanics to work on machinery on which they have not worked before, and with the construction of which they are not familiar; especially is this so in the sense in which the allegation, showing these facts, is used in the petition. The purpose of that allegation is to account for why, when the platform was put in motion, Rooney did not detect the possible danger to him, due to the

presence of the bracing beam, of which, apparently, he was ignorant.

The petition, we think, sufficiently negatives the idea that Rooney, at the time of the accident, was an employee of defendants.

In the able and exhaustive briefs presented, other reasons are discussed for and against the overruling of the exception, but we find it unecessary to consider them here.

For these reasons, the judgment of the Court of Appeal and that of the district court are set aside, the exception of no cause of action is overruled, and this case is remanded to the civil district court to be proceeded with according to law; the costs of this court and of the Court of Appeal to be paid by defendants, and the costs of the district court to abide the final decision of the case.