This matter comes before us on motion of Thibodaux Boiler Works, Inc., one of the defendants, to dismiss the appeal taken by the other defendant, the Texas Company, from a judgment sustaining an exception of no cause or right of action filed by the Thibodaux Boiler Works, Inc. A thorough explanation of the relationships among the various parties is necessary to an understanding of the ground on which the motion to dismiss the appeal is based.
This is a suit for compensation brought under Act No. 20 of 1914, as amended. Sam Spanja is plaintiff and there are, or were, two defendants, Thibodaux Boiler Works, Inc., and The Texas Company.
At the time of the occurrence of the events on which the suit is based The Texas Company was drilling an oil well in the Louisiana marshes, some 6 or 8 miles from Empire a small settlement on the west bank of the Mississippi River, below the City of New Orleans, and it became necessary to make repairs to a steam boiler at the scene of the drilling operations. The Thibodaux Boiler Works, Inc. was employed to make these repairs, and, for that purpose, was transporting two pieces of heavy welding machinery to the scene at which the boiler was located.
Spanja and his brother operated a boat which was owned by Spanja and another person, and they ran this boat between the scene of the well and Empire, transporting back and forth various supplies, machinery and employees needed in the drilling of the well. The Texas Company instructed Spanja to take the boat to Empire so that the machinery of the Thibodaux Company might be loaded upon it and then carried to the scene of the drilling operations. While one of the pieces of machinery was being transferred from the bank of the canal in which the boat was docked to the deck of the vessel, it fell from the "skids" and Spanja, who was assisting with the loading operations, was seriously injured.
Spanja brought the suit in tort against both companies, praying for solidary judgment against them for $8,904.12. He did not seek alternative relief in the form of compensation from either of the defendants, taking the position that he was not an employee of The Texas Company, but was operating his boat under contract and not as an employee of that Company.
On appeal we dismissed Spanja's suit, holding that there was an employer-employee relationship between Spanja and each of the defendant corporations, and that any claim which he might have against either, or both, should be controlled exclusively by the Workmen's Compensation Laws of Louisiana. See Spanja v. Thibodaux Boiler Works, Inc., et al., La. App., 2 So.2d 668. Application for writ of certiorari was made to the Supreme Court and the application was refused.
Spanja then filed this suit in compensation making both corporations defendant, and praying for solidary judgment against them. Both defendants filed exceptions of no cause or right of action. The exception filed by the Thibodaux Boiler Works, Inc. was sustained and the suit as to that corporation was ordered dismissed. It is from that judgment that The Texas Company has appealed. Spanja also has appealed from that judgment. It is the appeal of The Texas Company which the Thibodaux Boiler Works, Inc. now seeks to dismiss. The ground on which we are asked to dismiss the appeal is, to quote the motion to dismiss:
"That the defendant and appellant, The Texas Company, does not have the legal right to take an appeal from the judgment in favor of its codefendant and appellee, Thibodaux Boiler Works, Inc., which was rendered and signed on the 10th day of January, 1946, and which maintained an exception of no cause or right of action filed by said defendant to the petition of the plaintiff herein, Sam Spanja." *Page 148 
The Texas Company resists the attempt to dismiss the appeal, contending that a solidary judgment is sought against the two defendants and that where there are two defendants sought to be held solidarily, either has an interest in seeing that the other is not dismissed from the suit since, if a solidary judgment is rendered against them, and one of them pays the judgment that one may call upon the other to contribute. This argument of The Texas Company is based on what the Supreme Court of Louisiana held in Quatray v. Wicker, 178 La. 289,151 So. 208, 212. In that case there was involved a claim ex delicto against two alleged joint tort feasors. There was a solidary judgment against both which was paid by one of them, and subrogation was taken to all the rights of the plaintiff against the other, and then, by attachment, the defendant who had paid the judgment sought to collect from the other defendant half of the amount thereof. This was bitterly resisted by the other judgment debtor. The Supreme Court held that the other defendant must contribute "half of the amount of the judgment."
Counsel for the Thibodaux Boiler Works, Inc., in seeking to dismiss the appeal, argue that a solidary obligor, who may be so unfortunate as to be compelled to pay the entire obligation, has no right to compel the other obligor to return to him any part of the amount which he has paid, and, in support, of this argument, they cite several cases, notably Thalheim v. Suhren et al., 18 La. App. 46, 137 So. 874 and Rumpf v. Callo et al., 16 La. App., 12, 132 So. 763, both of which squarely upheld the contention made. These cases, however, were decided before the Supreme Court announced its conclusion in Quatray v. Wicker, supra, and must therefore yield to the authority of that decision.
[1, 2] But the fact that it is now established in our jurisprudence that where joint tort feasors are held to be solidarily liable contribution may be demanded from the other by the one which pays the judgment is not determinative of the issue which confronts us here because, in our opinion, there is involved here no question of solidary liability. Where an employee who is regularly in the employ of one master is borrowed by another master, and is injured or killed in an accident, under circumstances which make the Workmen's Compensation Laws applicable, the two masters do not become solidarily liable. Either the one or the other is alone liable.
[3] Mr. Horovitz in his work "Injury and Death Under Workmen's Compensation Laws," on page 236, says:
"A loan of an employee may or may not, make the borrower the employer, depending on the right to control at the time of the injury — essentially a question of fact."
In Ranson-Rooney v. Overseas Railway, Inc., et al., 17 La. App. 205, 134 So. 765, this court found a case in which it was contended that an employee of one corporation had become the borrowed employee of the other, and that, therefore, any claim for his death could not be brought in tort but must be presented in compensation against the borrowing employer. The Supreme Court granted a writ of certiorari and, in Rooney v. Overseas Railway, Inc., 173 La. 183, 136 So. 486, held that under the facts of that case Rooney had not become the borrowed employee of the second corporation but continued as the employee of the original master. The Supreme Court did not disagree with the conclusion of this court that if the work had been of such a nature as would not have been undertaken by his original master, he would have become the borrowed employee of the second master and could have recovered in compensation from that second master.
In Tarr v. Hecla Coal Coke Co., 265 Pa. 519, 109 A. 224, 225 is found a very interesting case involving the right of a loaned employee to recover from the borrowing master in compensation. There the Supreme Court of Pennsylvania said:
"* * * A master may loan his servant, with the latter's consent, to another under such circumstances as to create for the time a new relation of master and servant; the regular servant of one may thus for the time being become the special servant of another, and that was done here.
" 'Where one person lends his servant to another for a particular employment, the servant, for anything done in that particular employment, must be dealt with as a *Page 149 
servant of the man to whom he is lent, although he remains the general servant of the person who lent him. The test is whether, in the particular service which he is engaged to perform, he continues subject to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired.' Puhlman v. Excelsior Express Standard Cab Co., 259 Pa. 393, 103 A. 218, L.R.A.1918E, 118; 26 Cyc. 1285; Bailey on Personal Injuries (2d Ed.) c. 3, § 25."
That court also considered the fact that the wages of the borrowed employee had never been fixed by agreement and said:
"* * * That his wages had not been fixed is unimportant; the law will imply a reasonable compensation. The finding of a temporary employment by defendant is not inconsistent with the finding of a general employment by the Frick Coke Company, and being one of fact we are concluded thereby."
See also Schneider's Workmen's Compensation Law (2nd Ed.) Vol. I, Sec. 24, pp. 213, 214, 71 C.J., Sec. 139-143 pp. 403-408.
Since our Supreme Court, by its refusal to grant a writ of certiorari in the matter of Spanja v. Thibodaux Boiler Works, Inc., La. App., 2 So.2d 668, has approved our finding that Spanja was the borrowed employee of the Thibodaux Boiler Works, though he remained in the general employ of The Texas Company, we feel that the only question left open is which of the employers is liable to him in compensation. It is either the one or the other but not both.
[4] Obviously this case is not one which arises under Section 6 of the Act. That section has no application here. We see no reason why The Texas Company could not contract with the Thibodaux Boiler Works to do the special job which was involved here and to arrange for the loading and unloading of its own machinery which was necessary for the doing of that job. In Rooney v. Overseas Ry., Inc., et al [173 La. 183, 136 So. 487], supra, the Supreme Court said that the work was not such as would be done "in the usual course of defendants' business, which was that of loading, unloading, and operating the Seatrain," and that "this, of itself, suffices to show that section 6 of the act has no application here." See, also, Horrell v. Gulf Valley Cotton Oil Co., 15 La. App. 603, 131 So. 709.
Since Section 6 of the Act has no application here, if either of the defendants is liable to the plaintiff, it has no redress against the other. Therefore, neither has the right to insist that the other be retained in the suit as a party defendant.
The motion to dismiss the appeal is sustained and the appeal of The Texas Company is dismissed at its cost.
Motion to dismiss appeal sustained; appeal of the Texas Company dismissed.