AYRES, Judge.
This is an action in tort wherein plaintiff appeals from a judgment sustaining an exception of no cause or right of action.
The pertinent portions of plaintiff’s petition read as follows:
“1.
“That on or about July 29, 1954, your petitioner was employed as a sexton or janitor by the Cedar Grove Methodist Church, 6806 Southern Avenue, Shreveport, Caddo Parish, Louisiana, at a weekly salary of $40.00 per week.
“2.
“That on said date at approximately 5 :00 or 5 :30 P. M., a truck owned by Herrin Transportation Company, a foreign corporation domiciled at Pious-ton, Texas, authorized to do and doing business in the State of Louisiana, with its registered agent for the service of process named as Mr. Robert A. Ains-worth, Jr., of New Orleans, Orleans Parish, Louisiana, driven by an employee of Herrin Transportation Company, whose name is unknown to your petitioner, but who was a colored man, arrived at said church for the purpose of picking up one (1) 20 gallon drum B & B C compound and two (2) No. 414 brushes to be shipped to Bell Chemical Company, 1421 Levee Street, Dallas, Texas, pursuant to the instructions of Mrs. W. P. Calahan, Jr., Secretary of said church.
“3.
“That the driver of said track requested your petitioner to assist him to load said drum of cleaning fluid onto the truck owned by Herrin Transportation Company, Inc., the drum weighing approximately 207 pounds and your petitioner consented to assist him in loading said drum onto said truck.
“4.
“As the driver of said truck and your petitioner were lifting said barrel in the air in the process of loading it onto the truck, the driver of said truck, without any warning to your petitioner, either let go of the barrel or allowed it to slip from his hands, and the barrel fell onto the right foot of your peti *161 tioner, in spite of the attempts of your petitioner to get out of the way.
******
“6.
“That the accident and injuries to your petitioner resulted solely from the negligence of the employee of the said Herrin Transportation Company, Inc., in not maintaining a proper grip or hold on said barrel, in allowing said barrel to slip from his hands, or,-in the alternative, of deliberately letting it go, and under both alternatives, in not giving your petitioner any warning whatsoever that he was about to release his hold on the barrel”,
and of the amended and supplemental petition read as follows:
“2.
“In addition to the acts of negligence on the part of defendant’s employee as alleged in plaintiff’s original petition, plaintiff shows that said employee was additionally negligent in requesting your petitioner, an elderly man unaccustomed to and not trained in loading and unloading trucks and other vehicles, to assist said employee in an operation which said employee knew might and could be dangerous to persons not trained or experienced in said operation, in violating a standing rule of defendant company in requesting assistance of plaintiff in loading said items onto the truck, which rule was promulgated, your petitioner avers upon information and belief, because of the danger to third persons in said operations when requested to assist a driver if those persons are not trained, skilled or experienced in handling heavy objects in suggesting a mode of procedure in molding said barrel on said truck which defendant’s employee knew to be dangerous and hazardous to an untrained person, in not warning your petitioner of the dangers inherent or possible in the operation, and in not grabbing, holding, or otherwise preventing the barrel from dropping after it commenced to slide, when said employee was well able to do so, and in jumping away from said barrel when it commenced to slip'and pushing the barrel with his hands in the direction of your plaintiff.”
Briefly stated, from these allegations, it will be seen that plaintiff seeks the recovery of damages from the defendant for personal injuries allegedly sustained by him in an accident as the- result of alleged negligence of an employee of the defendant. At the time, plaintiff was employed as sexton or janitor by the .Cedar Grove Methodist Church, and on the date and occasion of the aforesaid accident, defendant sent its truck, driven by its employee, to the church for the purpose of picking up and shipping to Bell Chemical Company, Dallas, Texas, a 20 gallon drum of cleaning compound and some brushes, pursuant to the instructions of the secretary of the church. Upon arriving at the church, it is alleged that the driver of defendant’s truck requested plaintiff to assist him in loading the cleaning fluid and brushes onto the truck, to which request he readily consented. Then, it would appear that in the process of loading said drum of cleaning fluid, defendant’s employee, without any notice or warning to plaintiff, loosened his hold upon the drum, which then fell, striking plaintiff’s right foot, inflicting the injuries complained of.
Negligence was charged to defendant’s employee in not maintaining a proper grasp or hold on said barrel, or, in the alternative, of deliberately dropping it and not notifying plaintiff that he was about to release his hold on said drum. In an amended petition, further negligence was charged against defendant’s employee in violating a rule of defendant in requesting assistance of. persons outside of the employment of defendant, and in requesting plaintiff, a man of. 63 years of age, unaccustomed to and not trained in loading and unloading trucks, to assist in said task of loading said drum onto said truck, with the knowledge that said operation could be dangerous to persons not trained, experienced or skilled in that class of work.
*162 Defendant’s exception was predicated upon two propositions, first, that the alleged violation of the rule of defendant by its employee took the employee out of the scope and course of his employment and that, therefore, the employer is not liable to plaintiff under the doctrine of respondeat superior, and, second, that the fellow servant doctrine is applicable so as to bar recovery by the plaintiff for injuries resulting from the negligence of the defendant’s employee, on the theory that both he and plaintiff were fellow servants and that one servant can not recover from the master because of the negligence of his fellow servant, and further that plaintiff voluntarily injected himself into the business of defendant without its knowledge or consent and, by so doing, placed himself in the position of a volunteer.
The trial court sustained the exception or no cause or right of action, but, in doing so, departed from the theory of the case held by both plaintiff and defendant. Relative to the first proposition, the trial court said:
“We do not think, under the facts alleged by the plaintiff, that defendant’s contention is well founded; for the reason that defendant’s driver was instructed to go to the Cedar Grove Methodist Church and there load the drum of cleaning compound. He was per-forming that duty and requested plaintiff to assist him. While the request made of plaintiff was in violation of defendant’s standing rule, nevertheless defendant’s employee was performing the duty imposed upon him by his employer wheri -the accident occurred. ' It is true that a master is' not liable for the acts' of his servant when the servant is not acting within the scope or course of his employment. Citation of authorities is unnecessary. But here the employee was loading the drum according to the instructions of the defendant, and it cannot be said that he was not acting within the course and scope of his employment. The violation of a safety rule in performing the work does not, in our opinion, prevent the act from being within the course and scope of the defendant’s employment.”
There is no foundation or reasonable basis for the contention that the mere violation of a prohibitory regulation by an employee removes him from the course and scope of his employment. If such were the case,, then the employer could always escape liability by prescribing prohibitory regulations that would fit most any conceivable situation, such as that the employee, in the use of a truck or car, must not operate the same at an excessive and unlawful rate of speed or, as for that, in any manner prohibited by statute or ordinance. It might then contend that the employee, in violating the instructions given, was acting outride of the course and scope of his employment.
The authorities with reference to the deviation by an employee from his employment are entirely inappropriate in this connection and the facts alleged abundantly justify the conclusion that defendant’s employee in this instance had not departed from either the course or scope of his employment. He pursued and continued to pursue the task assigned to him.
In sustaining the exception upon defendant’s second. ground of attack, the trial court reached the conclusion that at the time of the accident plaintiff had “consented to work for defendant and was injured in the course of that employment.” Authority for this holding is Spanja v. Thibodaux Boiler Works, La.App., 2 So.2d 668, and it is upon this same authority that counsel for defendant principally relies before this pourt. On the other hand, counsel for plaintiff contends that the principles followed in Rooney v. Overseas Ry., Inc., 173 La. 183, 136 So. 486, and Speed v. Page, La.App., 59 So.2d 138, and 222 La. 529, 62 So.2d 824, should govern and control the decision in this case. It is contended that the facts and. holding, in the Spanja case can be distinguished from the holdings in these cases.
As to the second contention, the trial judge stated:
*163 “The fellow servant doctrine' urged by! defendant seems to be well-founded, but not in the manner in which it is argued. The fellow servant doctrine applies where there are two employees of a company and one is injured by . the negligence of the other. The question to be first decided is whether the.plaintiff was an employee' of defend-' ant. If so, and. he was injured, he would be entitled to recover under the Workmen’s,Compensation Law and this would be his exclusive remedy. Under - the pleaded facts, plaintiff was an em- ■ ployee of the Cedar Grove. Methodist-Church, and upon request joined defendant’s driver in loading the drum of cleaning compound. While plaintiff was engaged in doing this work, what was his relation to the defendant? 'He was not performing any duty required of him by the Cedar Grove Methodist Church. He consented to work for defendant and was injured in the course of that employment.
“We think the case of Spanja v. Thibodaux Boiler Works [La.App.], 2 So.2d 668 [670],■■ is directly in point. In the cited- case plaintiff was' an employee of The Texas Company and operated a. boat for the transportation of supplies from .the mainland to. an oil well. The. defendant through its,,, employees was employed to repair a boiler for The, Texas Company, ■ and transported its equipment to a. canal ■ to be loaded ont.o the, boat operated by ■ the plaintiff.. It was no. part of plaintiff’s duty to assist the defendant’s em- , ployees in .loading ¿he air xpmpr.essor on to.the boat. ,
“ ‘As the air- compressor was being transferred * * * for Some reason concerning which the witnesses do not agree, it fell from the runway or skids and struck Spanja, who was -standing on the ground attempting to :guide it down the runway.’
“The court held that while Spanja was under the general employment of The Texas Company, he had for the moment become a borrowed employee for the Thibodaux Boiler Works, and could not recover in a tort action against them.
❖ 4s , * * *
“ * * * Plaintiff further argued that in order for the borrowed-servant doctrine ’ to apply, that the pleadings must show that the consent of the general employer, ■ the employee, and the borrower, must exist. We do not think ■so. One may be in the general employ of a person and consent to assist another without the knowledge of the general 'employer, and thereby become what the law calls a "‘borrowed employee’. >'■ Such was the situation in the case of Spanja v. Thibodaux Boiler Works [La.App.], 2 So.2d 668. In the cited case there was no reference to the general employer, the Texas Company, having consented to the plaintiff’s assisting the Thibodaux Boiler Works.
' “Plaintiff in support of his application for a " rehearing cites the case "of Speed v. Page [La.App.], 59 So.2d 138 [140], decided by the Second Circuit Court of Appeal and affirmed by the Supreme Court in [222 La. 529] 62 So.2d 824 [828], wherein the plaintiff sued two persons, Ohlseil and Page. The -Court rejected thé plaintiff’s demands as against Ohlsen in these words-: •’
“ ‘There was' no employer-employee ■relationship ' as betweén • Ohlsen and ■Speed.- Plaintiff was employed, paid, supervised and directed by Page’s manager. Any connection with the Ohlsen job was purely casual and voluntary.’
“The - case was decided by the Supreme Court by holding that. Page was an employer of two crews of men; that both, crews were performing services in the course of Page’s business, which was admittedly a hazardous occupation. The Court said:
*164 “ 'It is our conclusion, therefore, that where the operator of an admittedly hazardous business, in the conduct of that business undertakes repair, whether it be of the building housing the same or the equipment therein, rather than have it done under contract, his employees come under the protection of the employers’ liability laws of this State.’
“The cited cases were suits against alleged employers for workmen’s compensation and have no application to a suit in tort.
“Furthermore, plaintiff has not alleged either in the original or supplemental petition, and does not claim to be able to allege, that his employer, the Cedar Grove Methodist Church, was under any obligation to assist the Herrin Transportation Company in loading the barrel of cleaning compound, nor that the Cedar Grove Methodist Church had instructed plaintiff to assist in doing said work; but on the contrary, plaintiff alleges that the driver of defendant’s truck ‘requested the petitioner to assist him to load said drum of cleaning fluid on the truck,’ ‘And your petitioner consented to assist him in loading said drum onto said truck.’ Therefore, plaintiff having alleged that the defendant’s driver solicited plaintiff to perform a particular job and plaintiff having consented thereto, it follows that plaintiff had stepped aside from his duties as an employee of the church to perform services for another which plaintiff’s general employer did not direct him to perform.”
In the Spanja v. Thibodaux Boiler Works, Inc., case, supra, the opinion clearly distinguishes the applicable principle from that which was asserted by the Supreme Court in Rooney v. Overseas Ry., Inc., supra, on the ground that Spanja, in pursuit of the activity in which he was engaged at the time of the accident, was not performing any work which was connected with the responsibility of his employer, The Texas Company, but was assisting with a job which was exclusively an undertaking of Thibodaux Boiler Works, Inc. Under these circumstances the court held that Spanja had become an employee, pro hac vice, of the Thibodaux Boiler Works, Inc., and as a result the fellow servant doctrine applied. The distinction from the holding in Rooney v. Overseas Ry., Inc., supra, is obvious for in that case the employee, Rooney, had simply undertaken a job which was clearly in the scope of the business of his employer and was in no sense or circumstance connected with the work of the Overseas Ry.
Similarly, in Speed v. Page, supra, the holding of this court, as well as of the Supreme Court, was based upon the principle that Speed was performing work which was a part of his employer’s business. In the instant case, the facts appear that it was the responsibility of the defendant to call for, load and transport the drum of cleaning fluid and the oth,er articles comprising that shipment. All of these activities were directly in line with the defendant’s business and were in no sense a part of the business of plaintiff’s employer, the Cedar Grove Methodist Church.
The conclusion is inescapable that plaintiff at the time of the accident was not engaged in any work connected with his employment by the church; he therefore must be regarded under the rule announced in Spanja v. Thibodaux Boiler Works, Inc., supra, as an employee pro hac vice of the defendant. Under such circumstances, the rights and remedies provided by the Workmen’s Compensation Act are exclusive. LSA-R.S. 23:1032 provides:
“The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.”
It necessarily follows that since Dixon became an emergency or borrowed em *165 ployee of the defendant, he has no right to recover in tort. He has not, however, prayed in the alternative, for recovery as a claimant to compensation. Therefore, the judgment sustaining the exception of no cause or right of action is correct. Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Labourdette v. Doullut & Williams Shipbuilding Co., Inc., 156 La. 412, 100 So. 547.
For the reasons assigned, the judgment appealed is affirmed.
Affirmed.