TATE, Judge
(dissenting in part).
I concur with the excellently written and reasoned majority opinion that the judgment should be affirmed as against the special (or borrowing) employer, and that in view of its undoubted liability for compensation payments, penalties and attorneys’ fees should be assessed against it for arbitrary non-payment of compensation due. I am unable to agree, however, that *887 the general or true employer should be relieved of its direct liability (solidary with that of the special employer) to its own employee for injuries sustained in the course of his employment.
Insofar as the disabled employee is concerned, no unfortunate results are sustained in the present case, since both general and special employer are financially responsible. But it is not difficult to foresee unfortunate and unjust results that can occur when the employee is directed by his financially responsible employer to report to work for a financially irresponsible “special” employer, in the course of which borrowed employment the disabling injury is sustained.
The general employer, to whom the disabled employee owes primary fealty and with whom the disabled employee entered into the employment contract partly in reliance upon the general employer’s financial ability to take care of him should he be hurt, is fortuitously relieved of compensation liability by the happenstance that on the day of the accident it had sent the disabled employee to do the work of another. To say that the employee “consented” to a change of employment, when he did not disobey his general employer’s commands and quit his job, seems to me to be unrealistic. (Cf. “But what seems on the surface to be such acceptance [by the employee of the transfer of employment] may actually be only a continued obedience of the general employer’s commands”. 1 Larson, Workmen’s Compensation Law 712, Section 48.10.)
The Louisiana cases do not require the unfortunate result reached herein. They do not indicate that the general employer is not liable to its disabled employee; they simply indicate that the special employer is so liable. I think the situation analogous to that provided by the compensation act (LSA-R.S. 23:1061), where not only the disabled employee’s general master, a subcontractor, is liable for workmen’s compensation benefits; but also the latter’s principal, who is receiving the direct benefit of the work performed, is secondarily liable.
Our compensation act provides that it shall apply “to every person performing services arising out of and incidental to his employment in the course of his employer’s trade, business, or occupation”, LSA-R.S. 23:1035. The employer of the decedent was undoubtedly the Bon Air Ranch, which paid his wages. (It was responsible for his social security, liable to him for unpaid wages, etc; there was a direct contract of employment between it and the decedent.) The compensation act does not provide that the employer is not responsible when he has loaned his employee to another employer. The courts, however, have held the borrowing employer liable in compensation under the general theory that one whose work is being performed by another, occupies for compensation purposes a relationship of employer also to the person injured in his service.
I think the conclusion reached by the majority herein is prohibited by such cases as Dobson v. Standard Acc. Ins. Co., 228 La. 837, 84 So.2d 210. There, a truck driver employed by a wholesale distributor was injured while working at his employer’s residence upon orders of his employer. The Supreme Court, reversing the Second Circuit’s determination that the injury was noncompensable because not incurred in the employer’s business, stated: “Services ‘arise out of’ and are ‘incidental to’ an employment, whenever the employment calls for just such services.” Continuing, the high tribunal held that whenever the employer requests the employee to perform services, the employer cannot deny that such services arose out of the employment because, “Otherwise, by what right has the employee been called upon to perform them?” 84 So.2d 212.
The cases cited to us or relied upon by the majority are completely inapplicable to the present question. Such tort cases as Benoit v. Hunt Tool Co., 219 La. 380, 53 *888 So.2d 137; Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852; Rooney v. Overseas Ry., 173 La. 183, 136 So. 486; Dixon v. Herrin Transportation Co., La.App. 2 Cir., 81 So.2d 159; Duke v. Dixie Bldg. Material Co., La.App.Orl., 23 So.2d 822, and Spanja v. Thibodaux Boiler Works, Inc., La.App.Orl., 2 So.2d 669 simply discuss whether or not an injured employee could recover in tort against defendants which raised the defense that since the injured employees were “borrowed employees” of said defendants, that therefore the latter were exclusively liable in workmen’s compensation. These cases are not authority for the proposition that the injured employee could not recover workmen’s compensation from his own employer from whom he drew wages (that is, his general employer.)
Tort cases such as the B & G Crane Service, Inc., v. Thomas W. Hooley & Sons, 227 La. 677, 80 So.2d 369; Dixie Machine, Welding & Metal Works v. Boulet Transp. Co., La.App. 1 Cir., 38 So.2d 546; Hutto v. Arbour, La.App. 1 Cir., 4 So.2d 84, simply concern the liability, as between the general and special employer, for damages caused through the negligence of the borrowed employee, either to third persons or to property of one of the parties. They are not relevant to the present discussion.
While cases may be found sustaining compensation recovery against the special employer, see Sadler v. May Bros., Inc., La.App. 1 Cir., 185 So. 81, 82,[1] in every case I could find among those cited in Professor Malone’s authoritative treatise, Louisiana Workmen’s Compensation, or in brief of counsel, in which the general employer sought to escape compensation liability on the ground that the disabled employee was a borrowed servant of another, the special employer therefore alone being responsible; recovery against the general employer was upheld, on one ground or another: See Speed v. Page, La.App. 2 Cir., 59 So.2d 138, affirmed without discussion of this point 222 La. 529, 62 So.2d 824, 825; McEachern v. Pine Wood Lbr. Co., Ltd., 2 Cir., 5 La.App. 665; Cf. also Thiels v. Younger Motor Truck Co., La.App. 2 Cir., 178 So. 712, certiorari denied and Robinson v. Younse Lbr. Co., 2 Cir., 8 La.App. 160.
As indicated by the extensive supplementing annotations entitled “Workmen’s compensation: liability of general or special employer for compensation to injured employee” found at 152 A.L.R. 816, 58 A.L.R. 1467, 34 A.L.R. 768, and 3 A.L.R. 1181, varied approaches to this problem are found in the other American jurisdictions. Some jurisdictions provide that the injured employee may recover at his option either against his general employer or against the special employer to whom he was lent, or against both; others that he may recover against the general employer, with the latter’s right of reimbursement from the special employer; others that he may recover only against the general employer or only against the special employer.
But authorities from other States must be read in the context of their statutory setting. Louisiana alone of the American jurisdictions does not require that the employer secure his employees against compensation liability to them by insurance or otherwise; in the absence of which, it is usually provided that the disabled employee may elect either the compensation remedy or the old common-law remedy (with, in the latter case, the employer deprived of the customary common law defenses of assumption of the risk, the fellow-servant doctrine, and contributory negligence.) 2 Larson, Workmen’s Compensation Law, 148 et seq. (Section 67.20 et seq.), 443 *889 (Section 92.10, especially footnote 1); see also Appendix I thereto, Table 7 (2 Larson 522.)
Thus, since compensation suits in these other jurisdictions customarily are against financially responsible defendants, basically the problem involved is which of the two employers involved shall be ultimately responsible for the injury concerned, with consequent effect upon the employer’s experience rating for insurance premiums upon the risks involved. Due to this provision common to all States except Louisiana, in no State except Louisiana would such a precedent as we here seek to establish result in the real risk that an injured employee, deprived by such a doctrine of his remedy against his own (the general) employer, be relegated to a remedy against a financially irresponsible so-called “special employer” with whom the disabled employee had no employment agreement except such as may be fictitiously assigned by application of the “borrowed employee” doctrine. Cf. 58 Am.Jur. 812, “Workmen’s Compensation”, Section 343.
The question is not before us as to which (if either) of the two employers, as between themselves, should be solely responsible. While the insurer of the special or borrowing employer, Martone, filed a third-party petition calling the insurer of the general employer (Bon Air Ranch) in warranty, the dismissal of this petition as erroneous was not urged upon appeal and is presumed abandoned. The general employer did not file any third party petition calling the special employer or his insurer in warranty.
As a general proposition, there may be much to support the proposition that the special employer — in the risks of whose business the employee was accidentally hurt — should be ultimately responsible as between the two employers; or the contrary proposition that the responsibility should be borne by the general employer in whose actual employment the injured .employee sustained the accident, as is an independent contractor vis a vis the principal, LSA-R.S. 23:1061. In the facts of this particular case, there is also much to justify the proposition expressed, in a discussion of the vicarious liability of the employer as to others, at 57 C.J.S. Master and Servant § 566, p. 290:
“Lender and borrower both liable. Under some circumstances both the lender and the borrower may have control over the servant so as to render each of them liable for his conduct, for he may have been transferred to carry on work which is of mutual interest to them and to effect their common purpose, so that his service to the one does not involve abandonment of his service to the other.”
But this question not being before us, I see no need to express any opinion as to which of these legal rules should be applicable under the facts of the present case.
For the above and foregoing reasons, I respectfully dissent from the majority opinion insofar as it reversed the District Court’s holding the general employer’s compensation insurer solidarily liable with the insurer of the special employer.

. Which case also sustained dismissing a call in warranty by the special employer against the general employer (that is, insofar as the liability between the two employers themselves was concerned) on the ground that the general employer was not “an independent contractor” but a “lessor”.