(100 South. 547)

No. 24653.

## LABOURDETTE v. DOULLUT & WILLIAMS SHIPBUILDING CO., Inc.

(May 5, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Courts** ⊚99(2)—**Overruling exception to petition does not preclude court from sustaining objection to testimony based on same ground as exception.**

Overruling exception to petition on ground of "no cause of action" does not render court without right to entertain and sustain objection to receipt of evidence based on same ground as was the exception.

2. **Pleading** ⊚228—**In determining sufficiency of petition, allegations taken as true.**

In determining sufficiency of petition on exception, allegations must be taken as true.

3. **Master and servant** ⊚351—**Remedy under Employers' Liability Act exclusive.**

Remedies under Employers' Liability Act are exclusive in cases governed by that act.

4. **Master and servant** ⊚401—**Petition for damages under statute must show employment not governed by Compensation Act.**

Petition in action under Civ. Code, art. 2315, for damages for death of plaintiff's son, which failed to allege that employment of deceased was not governed by Employers' Liability Act, *held* insufficient to show cause of action.

5. **Master and servant** ⊚401—**Plaintiff in action under statute not entitled to compensation under Liability Act.**

Plaintiff in action under Civ. Code, art. 2315, for death of minor son, failing to state cause of action under that section, *held* not entitled to recover under Employers' Liability Act in same action.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Jules Labourdette against the Doullut & Williams Shipbuilding Company, Inc. Judgment for defendant, and plaintiff appeals. Affirmed.

Farrar & Woulfe, of New Orleans, for appellant.

James C. Henriques, of New Orleans, for appellee.

By Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.

OVERTON, J. Plaintiff's son, a minor aged 17 years and 7 months, was killed accidentally while in the employ of defendant. Failing to effect a satisfactory settlement with defendant, plaintiff brought the present suit for damages, under article 2315 of the Civil Code, which provides that:

"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it. * * *"

Plaintiff's petition, after setting forth the amount of damages to which he considers himself entitled, alleges:

"That on the 25th day of September, 1919, your petitioner's minor son, Adrian Labourdette, while in the employ of the said defendant, the said Doullut & Williams Shipbuilding Company, Inc., and whilst working for the said defendant as a 'rivet passer,' and helper to a 'holder-on,' or 'riveter,' and whilst at work on a platform of a scaffold inside of ship No. one (1), which was then under construction by the said defendant, in this said yard in this parish and state, and whilst in the performance of his duties in such capacity, was thrown and precipitated from the top of the platform of the said scaffold where he was working, and where he had a right to be, to the 'tank top' or floor below, a distance of about thirty (30) feet, fatally and terribly injuring him, externally and internally in almost every part of his body and especially crushing his skull, and breaking his neck, from which injuries his said minor son died about fifteen minutes later."

The petition then sets out, substantially, that the accident was caused by no fault of the deceased, but was due solely to the fault of defendant in failing to provide a safe place for the deceased to perform the work assigned to him. The petition contains the allegation that the place furnished for this purpose consisted of a scaffold in which there was a defective plank, and sets out that the deceased knew nothing of the dangerous condition of the scaffold, and that, while the deceased was at work on the scaffold, the de-fective plank broke, and as a result the deceased fell 30 feet, and was killed. Plaintiff then alleges that his son, at the time of the accident, was 17 years and 7 months old, was earning $3 a day, and had bright prospects for advancement.

The petition contains no allegation to the effect that plaintiff, as the father of the deceased, a minor under the age of 18 years, elected in any manner, prior to the accident, that his son should not be subject to the provisions of the Employers' Liability Act (Act No. 20 of 1914), nor one that defendant elected that it should not be subject to the act; nor does the petition contain any suggestion of any election whatever, made prior to the accident, that the deceased should not be so subject; nor does the petition contain a demand for compensation under the act. The prayer of the petition is simply for judgment against defendant for $20,000 damages, with legal interest thereon from judicial demand, for all orders and decrees necessary in the premises, and for general relief.

Defendant, before answering this demand, filed an exception of no cause of action. This exception was overruled. Defendant then, after reserving the benefits of the exception filed by it, answered plaintiff's demand. The case was fixed for trial; and, at the opening of the trial, defendant objected to the reception of any evidence in the case, for the reason that the petition discloses that whatever claim plaintiff may have against it, for the death of his son, is a claim, not for damages, arising under article 2315 of the Civil Code, but one for compensation, arising under the Employers' Liability Act of this state. The trial judge, after hearing arguments on the objection, concluded that he had erred in not sustaining the exception of no cause of action, which exception was based on the same ground as that upon which the objection is based, and therefore sustained the objection, and dismissed plaintiff's demand, as in case of non-

suit, reserving to plaintiff the right to sue for compensation under the Employers' Liability Act.

Plaintiff has appealed from the judgment rendered, but has filed no brief. Defendant has asked in his brief that the judgment rendered be affirmed.

### Opinion.

[1] As the judge overruled the exception, the question arises as to whether or not he had a right to entertain an objection, based upon the same ground as was the exception. We entertain no doubt that he had a right to do so. The decree overruling the exception was merely an interlocutory decree. The judge had the right, therefore, at the stage of the proceeding at which the objection was made, to set aside that decree, even of his own motion, and thereafter to sustain the exception, upon finding that he had erred in overruling it. As our brother had that right, we think that he had the right to accomplish the same end indirectly by sustaining an objection, based on the same ground as was the exception.

[2] We now reach the question as to whether or not plaintiff's petition shows a cause of action under article 2315 of the Civil Code. Defendant's contention is, as we have seen, that the petition does not show such a cause of action, but instead shows that whatever claim plaintiff may have against it is one arising, not under article 2315 of the Code, but under the Employers' Liability Act of this state, and that, as plaintiff's petition contains no demand for compensation under that act, nothing remained for the trial judge to do but to render a judgment of nonsuit. In determining whether plaintiff's petition discloses a cause of action the allegations thereof must be accepted as true.

The Employers' Liability Act is Act 20 of 1914. Certain sections of it have been amended and re-enacted from time to time. In September 1919 when the accident, forming the basis of this litigation, occurred, the Employers' Liability Act was Act 20 of 1914, as amended and re-enacted, in part, by Act 243 of 1916 and also by Act 38 of 1918. The act is applicable to the occupation of shipbuilding. Paragraph 2 (a), § 1, Act 20 of 1914.

The act of 1918, which, as we have just said, is amendatory of the act of 1914, provides, in effect, among other things, that every contract of employment, whether verbal, written, or implied, between an employer, engaged in an occupation to which the act is applicable, and his employee, made prior to and in force at the time of the promulgation of the act, shall be presumed to continue subject to its provisions, and that every such contract, made after the act shall take effect, shall be presumed to have been made subject to the act, unless in the latter instance it be made to appear by an express statement, in writing, forming part of the contract itself, or by written notice by one of the parties to it, directed and delivered to the other, that the provisions of the Employers' Liability Act, other than sections 4 and 5 thereof, relative to defenses in personal injury suits, shall not be applicable to the employment. The act, however, provides that any election, whether express, implied, or presumed, that the employment shall be subject to the provisions of the statute, in either of the foregoing instances, shall cease to have force and effect if either party to the contract of employment notify the other, in writing, not less than 30 days prior to the accident that the provisions of the act of 1914, as amended, shall no longer apply. Paragraphs 2, 3, and 4 of section 3 of act 38 of 1918.

The date when the deceased was employed, that is, when the contract of employment was entered into, does not appear, All that we know, in this respect, is that the deceased was engaged in discharging the duties of his employment when he was killed accidentally in September, 1919. However, it is immaterial whether the contract of employment was entered into before or after the promulgation of

the act of 1918, since the presumption in either event is the same; that is, that the deceased, at the time he met his death, was, in so far as relates to his employment, subject to the provisions of the Employers' Liability Act, unless the contrary be made to appear, as indicated above. In fact, even if the contract of employment were entered into prior to the promulgation of the act of 1918, the presumption, independently of that act, would be, in the absence of a contrary showing, that, when the deceased met his death in 1919, his employment was subject to the provisions of the act of 1914. Paragraphs 2 and 3 of section 3 of act 20 of 1914. In other word, in so far as respects the issue here presented, the amendment of 1918 made no material change in the act of 1914, as originally passed.

The issue, therefore, under consideration is reduced to this: Does the petition make such a contrary showing? As we have seen, it does not. There is not a single allegation in it, placing the employment alleged outside of the Employers' Liability Act. Hence the presumption is that the employment was subject to the provisions of that act, and was governed thereby.

[3] In cases governed by the Employers' Liability Act, the rights and remedies of the employee and of his dependents, to recover compensation, are limited to those prescribed by the act, and these exclude other rights and and remedies. Philps v. Guy Drilling Co., 143 La. 951, 79 South. 549. In fact section 34 of that act (Act 20 of 1914) provides:

"That the rights and remedies herein granted to an employee on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury."

See, also, paragraph 1, § 3, act 38 of 1918.

[4] Hence, as the presumption is that the employment of the deceased was governed by

the provisions of the Employers' Liability Act, so long as that presumption is permitted to remain, it must be considered that plaintiff's claim for damages is excluded from the provisions of article 2315 of the Civil Code. Hence plaintiff fails to show a cause of action under that article, which, it may be said, is the only law under which he possibly could hope to recover the damages alleged, or any part thereof.

[5] The next and last question is, Can plaintiff recover in this suit under the Employers' Liability Act? In our opinion he cannot. The petition contains no demand for compensation under that act, and the courts cannot supply such a demand. The prayer for general relief will not answer the purpose of a demand of that nature, resting, as such a demand does, upon principles different from those upon which rests a suit for damages under article 2315 of the Code. See Colorado v. Johnson Iron Works, 146 La. 68, 83 South. 381. In fact plaintiff has not even suggested that he cares to sue for compensation under the Employers' Liability Act, or that he considers himself entitled to compensation under it.

For the reasons assigned, the judgment appealed from is affirmed; plaintiff to pay the costs.

ST. PAUL, J., concurs in the decree.