**BEEBE v. MOORMACK GULF LINES, Inc.,
et al.**

No. 6366.

Circuit Court of Appeals, Fifth Circuit.

May 31, 1932.

Robert B. Todd, of New Orleans, La., for appellant.

Geo. H. Terriberry and Benjamin W. Yancey, both of New Orleans, La., for appellees.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Harrison H. Knighton was employed as an oiler in the engine room of a ship, and was killed on navigable waters through the negligence of the ship's owners. He was survived by a wife and child and his mother in Arkansas, and by Marian Beebe, with whom some weeks before his death he had gone through a marriage ceremony in Louisiana, and had since lived in New Orleans, supporting her as his wife, she not knowing until after his death of his prior marriage. The ship's owners settled with Knighton's administrator with respect to the claims of his mother, wife, and child. The claim of Marian Beebe was not recognized, and a libel in personam was brought for her benefit, setting up all these facts. It was dismissed for want of a cause of action, and appeal taken.

To support the libel, 46 USCA § 688 is relied on, which gives a right of action for the death of a seaman defined by that for the death of a railroad employee under 45 USCA § 51. The latter vests the right of action in the personal representative of the deceased "for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee." The personal representative is but the trustee of the beneficiaries named in the statute, and, if no such beneficiary survives, he can maintain no action. Lindgren v. United States, 281 U. S. 38, 41, 50 S. Ct. 207, 74 L. Ed. 686. The surviving wife, child, and mother in this case having been settled with, the question remaining is whether Marian Beebe is a beneficiary under the act in whose behalf suit may be maintained. She claims as a surviving widow, as did the wife in Arkansas. The statute speaks of *the* surviving widow as though there could be but one. She who was the decedent's lawful wife at the time of his death is his widow. Polygamy is a crime under the laws of the United States. 18 USCA 513. The alien polygamist cannot enter the country, 8 USCA § 136(f); nor be naturalized, 8 USCA 364. We feel sure that Congress did not contemplate the possibility of a man leaving two lawful wives, or holding an employer to compensate two women claiming to be such. No doubt, as is here contended, marriage with consequent wifehood is a matter of state law, as the other relationships mentioned in this statute have been held to be. Seaboard Air Line Ry. v. Kenney, 240 U.

S. 489, 36 S. Ct. 458, 60 L. Ed. 762. If there were such conflict in the marriage laws of Arkansas and Louisiana, the two loci contractus here involved, as to seem to result in this seaman having left two wives, a difficult question might be presented, but the law of Louisiana is that the undissolved prior marriage rendered the ceremony in Louisiana with Marian Beebe null. Rev. Civ. Code, art. 93. Articles 117 and 118 provide that the marriage which has been declared null nevertheless produces its civil effects as it relates to the children and the party who contracted in good faith. Yet the marriage remains null—neither wifehood nor widowhood results from it, and the civil effects which follow are only those arising out of the state law. They do not include the benefits extended to a widow under a federal statute. The Louisiana law denominates a woman who has contracted for marriage in good faith, but whose marriage is null, a putative wife. Such a wife sued under the State Death Statute, Rev. Civ. Code, art. 2315, which gives a right of action to the widow of the deceased. The court said:

"The rights of the putative wife are exceptional, and she has none beyond those specially granted. While the law, on account of her good faith, shields the putative wife from shame and protects her in her rights of property, she is not included in the terms 'widow' and 'wife,' which necessarily imply a lawful marriage. In the case at bar the claim of the lawful wife has been satisfied. The statute does not contemplate a second recovery, by another so-called wife and widow." Vaughan v. Dalton-Lard Lumber Co., 119 La. 61, 43 So. 926, 928. This decision is more apposite here than that in Jones v. Powell Lumber Co., 156 La. 767, 101 So. 135, where the civil effects of a putative marriage were held to extend to the benefits of a State Workmen's Compensation Statute, the putative wife being the sole claimant, and the prior marriage having been dissolved by divorce within sixteen days after the putative marriage. This court held in United States v. Robinson, 40 F.(2d) 14, that a putative wife under the law of Louisiana is not a "spouse" under the act of Congress relating to war risk insurance (section 22, as added by Act Oct. 6, 1917, § 2 [40 Stat. 400], and amended by Act Dec. 24, 1919, §§ 2–4 [41 Stat. 371], and section 402, as added by Act Oct. 6, 1917, § 2 [40 Stat. 409]). The reasoning in that case holds good in this.

Judgment affirmed.