This is a suit brought by the plaintiff Marshall L. Vidrine against the defendant J. Leroy Soileau in which plaintiff is seeking to recover as damages from the defendant the sum of $1300.00 for personal injuries. This suit was originally instituted against plaintiff's employer, Cabot Carbon Company, and his fellow employee, J. Leroy Soileau, the present defendant, in tort, for damages alleged to have been suffered by the plaintiff while in the course of his employment for Cabot Carbon Company, as a result of being bitten by a dog on the premises of his employer. Plaintiff alleged that he was bitten by the dog after a fellow employee had "siced" the dog on plaintiff. The plaintiff prayed for judgment against the Cabot Carbon Company in the sum of $700.00 and against the co-defendant, J. Leroy Soileau, in the sum of $1300.00, or a total of $2000.00.
Each of the defendants filed separate exceptions of vagueness and no right or cause of action. The minutes of the Court of December 30th, 1946 state that "on motion of counsel for plaintiff, this suit is hereby dismissed in so far as Cabot Carbon Company is concerned and no further." On March 17th, 1947, the minutes state "The exception of no cause or right of action is sustained as to J. Leroy Soileau." Again on April 19th, 1948, the minutes of the Court state: "Judgment sustaining exception of no cause or right of action. See Decree."
The record discloses that no written judgment was signed by the Court as a result of the exception of no right or cause of action being sustained on March 17, 1947; however, counsel for plaintiff obtained an appeal. This Court, on the 30th day of December, 1947, 33 So.2d 107, dismissed the appeal for the reason "that no judgment was signed." However, after the judgment of this Court, the Judge of the District Court on the 19th day of April, 1948, signed a written judgment sustaining the exception of no cause or right of action and the exception of vagueness filed by the defendant, J. Leroy Soileau and, accordingly, dismissed plaintiff's suit at his cost. The minutes show that on June 4th, 1948 counsel obtained an appeal from this signed judgment, suspensive and devolutive, to the First Circuit Court of Appeal.
Counsel for the defendant Soileau states in his brief that:
"On the date fixed for the argument of the exception, the plaintiff dismissed his suit against Cabot Carbon Company, one of the co-defendants, and at the same time filed a new and separate suit against Cabot Carbon Company and its insurer, under the Workmen's Compensation Act, based on the same cause of action, and on June 7, 1948, the District Court rendered judgment in favor of plaintiff awarding his compensation for a period of twelve (12) weeks, at the rate of $20.00 per week, and *Page 79 
in addition thereto the sum of Ninety-six no/100 ($96.00) dollars for medical expenses, and on June 30th, 1948, plaintiff accepted the sum of Two Hundred Sixty no/100 ($260.00) dollars, plus the sum of Ninety-six ($96.00) Dollars from the defendant in suit, in full, final and complete settlement of all compensation and medical expenses due under the aforesaid judgment, all as more fully appears by reference to the record in said suit, bearing No. 6686 of the docket of the District Court."
There is nothing in the record to show this other than this statement of counsel, as the record itself has not been introduced. The introduction or non-introduction does not alter our opinion or affect the issues before the Court.
Counsel for defendant states in his brief that the exception of vagueness is based upon the fact that no where in plaintiff's petition are the damages claimed by him itemized. By a mere reading of the petition, we find this to be true. It is possible that loss of wages, medical expenses or bills, together with pain, suffering, etc., constitute these damages however, the defendant is entitled to have this information before being required to answer. For these reasons, we are of the opinion that the ruling of the trial judge in sustaining the exception of vagueness is correct.
The exception of no cause or right of action as shown by the brief filed on behalf of the defendant, is based upon the proposition, first, that "The plaintiff by alleging in his original petition that he was injured during the course of his employment for Cabot Carbon Company, and subsequently filing a suit against the Company under the Workmen's Compensation Act, and accepting a full and final settlement of all compensation due, as above set out in the statement of the case, cannot maintain an action against his fellow employee, J. LeRoy Soileau under Article 2315 of the Civil Code, the general tort law of Louisiana."
"Section 34 of Act No. 20 of 1914 as amended by Section 1 of Act No. 38 of 1918 (Dart's Statutes Sec. 4423) provides as follows: 'Exclusive character of rights and remedies — The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this act shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, relations, or otherwise, on account of such injury.'
"A causal reading of this Section of the Compensation Act discloses that the Act itself, in clear and unequivocal terms provides that the rights and remedies granted by the Act to an employee "Shall be exclusive of all other rights and remedies of such employee."
Second, that in the instant case, the petition is devoid of any allegations that the defendant or his employer owned the dog or even that the dog was actually vicious.
Counsel for plaintiff contends that regardless of the provisions of Section 34 of Act 20 of 1914 as amended by Section 1 of Act 38 of 1918 (Dart's Statutes Section 4423) providing that the rights and remedies granted to an employee under the Workmen's Compensation Act shall be exclusive of all other rights of such employee that plaintiff is entitled to maintain this suit against the defendant, a fellow employee, under the theory that he is a "third person" within the meaning of Section 7 of Act 20 of 1914 as amended, Dart's Statutes Section 4397. This Section reads as follows:
"1. When an injury for which compensation is payable under this Act shall have been sustained under circumstances creating in some other person (in this Section referred to as third person) than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependant may claim compensation under this Act; and the payment or award of compensation hereunder shall not affect the claim or right of action of such injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for such injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for such injury. *Page 80 
"2. Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which such suit is filed, and such other may intervene as party plaintiff in such suit."
Counsel for defendant states that the authorities cited under Revised Civil Code Article 2315 and Dart's Statutes Section 4423 are numerous and all in accord that an injured employee has no option to sue in tort, but must recover under the compensation statute and cites in support of this proposition Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381; Thaxton v. Louisiana R. Nav. Co., 153 La. 292, 95 So. 773; Daigle v. Moody, La. App., 140 So. 842; Labourdette v. Doullut Williams Shipbuilding Co., 156 La. 412, 100 So. 547; Roy v. Mutual Rice Co., 177 La. 883, 149 So. 508; Burson v. Ohio Oil Co., 6 La. App. 739; Spanja v. Thibodeaux Boiler Works, Inc., La. App.,2 So.2d 668; Dandridge v. Fidelity Casualty Co., La. App., 192 So. 887.
In the last named case, a suit was filed by the widow and minor child of Dandridge against two of his co-employees, Watkins and Hines, and against his employer, United Gas Public Service Company and its public liability insurer, under the provisions of Article 2315 for damages. However, we find in this case that a nonsuit was entered as to the two co-employees which left it a suit against the employer and the public liability insurer. An examination of the other authorities cited will show that the cause of action was brought against the employer and not a co-employee and that where the cause of action came under the compensation act, the remedy was exclusive as to the employer and the injured employee could only file suit under this act against the employer.
We are of the opinion that the case of Kimbro v. Holladay, La. App., 154 So. 369, 370, is on the point at issue. This was a suit for damages by Kimbro in which he sought to recover for injuries sustained in an automobile accident. Robert R. Holladay and his insurer were made the defendants. The plaintiff was riding with Holladay, his co-employee, who was the local manager of the Louisiana Power Light Company, on business of the company. Thus the employee, Kimbro, sued his co-employee, and an exception of no cause or right of action was filed, based upon the claim that plaintiff's injuries were covered by the Workmen's Compensation Act and that his remedies under the Act are exclusive, the same defense that has been made in the case at bar.
In the Kimbro case, the Court said:
"* * * That would be true if he were suing his employer. He is not suing his employer, but is suing the man who was driving the car at the time of the accident. The man driving the car was the manager of plaintiff's employer and they were both at the time on a mission of their employer, the plaintiff, by instruction of his superior officer.
"Plaintiff was an ordinary laborer holding the position of lineman for the Louisiana Power Light Company, subject to and under the superintendency of the manager of said company, the defendant herein. Defendant contends that, under these facts, defendant Holladay could not be classed as a 'third person' under Section 7 of Act No. 20 of 1914, as amended by Act No. 38 of 1918 and Act No. 247 of 1920, which provide that an employee may claim compensation under the act and still bring suit for tort against a 'third person' causing the damage. We are of the opinion that Holladay is a 'third person' within the intendment of the act. While it is true that plaintiff, an employee, cannot sue his employer in a tort action, there is no reason why he cannot sue another employee of his employer. The Compensation Law expressly excludes the employer from being sued in tort for the injuries an employee receives through the negligence of another employee. However, it places another burden on the employer by making it liable for compensation in case of any accident arising out of and in the course of the *Page 81 
employee's employment. It does not specifically relieve a fellow employee of his liability in tort and, under no circumstances, does it make a fellow employee liable for compensation. There is no contractual relation between the two employees and no reason, we can see, for exempting one employee from liability for his torts causing damage to another employee.
"Article 2315 of the Revised Civil Code provides: 'Every act whatever of man that causes damage to another, obliges him by those fault it happened to repair it.'
"The liability of the tort-feasor is fixed by this law and the fact that the party injured is an employee of the tort-feasor's employer who is obliged to compensate him to the extent and manner prescribed by the compensation statute, and as agreed between the employer and employee, does not change the duties and obligations of the one committing the tort. The contractual relationship existing between the employer and his employee, who is injured and damaged through the fault of a fellow employee, has nothing whatever to do with the injured employee's right to recover from his fellow employee who committed the tort."
In the instant case, we are of the opinion that the defendant is a "third person" within the meaning of Section 7 of Act 20 of 1914, as amended (Dart's Statutes, Section 4397). The reasoning and judgment in the Kimbro v. Holladay case, supra, is applicable to the case at bar.
We are of the opinion that the judgment of the District Court in sustaining the exception of no cause or right of action on this ground should be reversed and ordered overruled.
As to defendant's second contention, that is, that the petition does not contain any allegations that the defendant or his employer owned the dog or even that the dog was actually vicious, we are of the opinion that there is no merit in this contention as the petition charges the defendant with peremptorily ordering or "sicing" the dog on the plaintiff, which makes it immaterial whether the dog was vicious under ordinary circumstances. As stated by counsel for plaintiff, this cause of action is based on an act of commission of man — not an act of commission by the owner of the dog.
It is therefore ordered that the exception of vagueness be sustained and that the plaintiff be ordered to amend its petition by alleging and itemizing the nature of the damages which he alleges amounted to $1300.00, within fifteen days from the finality of this judgment, else his demand to be dismissed.
It is further ordered, adjudged and decreed that the exception of no cause or right of action be and the same is hereby overruled.