LOTTINGER, Judge.
This suit is before this Court on appeal from a judgment by the Lower Court maintaining a peremptory exception of no right or cause of action; The plaintiff has taken this appeal.
This suit was brought by Mrs. Arlene King Babineaux, as petitioner, on her own behalf and on behalf of four minor children for the death of Cecyl Paul Babi-neaux, the alleged husband of petitioner and father of the children. The named defendants are Pernie-Bailey Drilling Company, its liability insurer, Travelers Insurance Company, D. J. Doucet, the Sheriff of St. Landry Parish at the time of the alleged killing and Merlin Joseph Hanks and Willie Castille, both employees of Pernie-Bailey Drilling Company and both insured under the terms of the Travelers policy. The petition alleges that on and prior to February 9, 1967, defendants Cas-tille and Hanks, had been deputized by Sheriff Doucet and on February 9, 1967, Hanks, aided and abetted by Castille, while acting within the course and scope of their employment with Pernie-Bailey Drilling Company, and while attempting to function as Deputy Sheriffs did, without just cause or reason, shoot and kill Cecyl Babineaux. Petitioner, as the alleged widow of said deceased and for and on behalf of the alleged children of the deceased, filed this claim against the defendants for damages as a result of the death of Babineaux.
*226 A peremptory exception was filed on May 25, 1969, on the grounds that the petition failed to state a right of action in petitioner individually and in her purported representative capacity because petitioner’s alleged marriage to Babineaux on April 25, 1960, was a complete nullity. Filed in evidence is a certified copy of the proceedings in Suit Number 7297 of the family court of the Parish of East Baton Rouge, which reflects that the petitioner’s divorce from Ronald C. Arnold was not granted until March 2, 1962, nearly two years after her attempted marriage to decedent. Petitioner then amended her petition, alleging that in the early part of 1960 she was informed by Roland C. Arnold that he had obtained a divorce. She claims that she was, therefore, in good faith on April 25, 1960, when she married Cecyl Babi-neaux, and was, therefore, his putative wife at the time of his death.
On trial of the exception, petitioner testified that on the morning of her marriage to Babineaux, she telephoned her prior husband, Roland C. Arnold, and as a result of their conversation she felt assured that she was free to marry Babineaux. Judge Fred A. Blanche, who was then the Trial Judge, stated that he would “give her the benefit of the doubt” and ruled that petitioner was a putative or good faith wife. Subsequently, defendants reurged their exception of no right or cause of action and, on trial of same, called Roland C. Arnold as a witness. He testified that he married petitioner on December 31, 1956, and obtained a divorce from her on March 2, 1962. He was emphatic and convincing in his testimony that he had never at any time led petitioner to believe that he had a divorce or that she had one.
Petitioner and her sister-in-law, Mrs. Doucet, took the stand and testified that Mr. Arnold had misled the petitioner into believing that she had a divorce from him on the date that she attempted to marry Cecyl P. Babineaux. In maintaining the exception, the Lower Court said:
“This Court observed the demeanor of the witnesses on the stand, thoroughly reviewed the records and the testimony of the various witnesses and, quite frankly, is completely satisfied that Roland Arnold was an honest witness and truthfully testified. His credibility is not the slightest impeached by the testimony of the plaintiff and her sister-in-law. This court finds that at no time did Roland Arnold mislead the plaintiff with reference to their divorce and holds that the plaintiff was not the legal or putative wife of Cecyl P. Babineaux, and that without doubt she was in legal bad faith on the date of their marriage on April 25, 1960. Further, the child, Paul Drake Babineaux, who was born on August 7, 1960, cannot be presumed to be the child of Cecyl P. Babineaux. The three remaining children are not properly represented in this action since no one has qualified to represent them.”
Mr. Arnold testified that he did meet with his wife and a man and woman at a restaurant in the City of Baton Rouge. The man and the woman, according to the record, was Mrs. Doucet, the sister of deceased, and her husband. At this meeting, Mr. Arnold testified that he was asked by petitioner if he would help her and he replied that he didn’t know of any way he could help her. According to his testimony, she requested him to give testimony to the effect that he had led her to believe that they had been divorced prior to her marriage to Mr. Babineaux. He told her that he was sorry for her and the children and that if there was anything he could do he would like to help, but that he would not commit perjury.
The fact that the Lower Court believed the testimony of Mr. Arnold, and not that of the petitioner and Mrs. Doucet, is within the wide realm of discretion allowed to the Lower Court in such cases. Of course the parties were present in court, and the Court could observe their demeanor and actions and we certainly cannot say that the Lower Court erred in holding that Mrs. *227 Babineaux was not mislead by the actions or the statements of Mr. Arnold.
The plaintiff contends that the first ruling on the exception made by Honorable Fred A. Blanche to the effect that the petitioner was a putative or good faith wife of the decedent, has become the law of the case and that, therefore, the decision on the second peremptory exception by Honorable Donovan W. Parker which in effect overruled the prior decision by Judge Blanche, was in contravention of the well established doctrine in Louisiana that a decision as to such an exception once made becomes a law of the case and cannot be reversed by another Judge of the same court.
The ruling by Judge Blanche in overruling the exception was an interlocutory decree of the Court which was not final. The second, or subsequent, ruling by Judge Parker in maintaining the exception was a final decree of the Lower Court.
In Labourdette v. Doullut and Williams Ship Building Co., Inc., 156 La. 412, 100 So. 547, the petitioner instituted a tort action and defendant filed an exception of no cause of action which was overruled. The case was subsequently set for trial and the defendant, at the opening of the trial, objected to the reception of any evidence in the case for the same reasons for which he had previously filed the exception of no cause of action. In granting the defendant relief, the Supreme Court expressed itself as follows:
“As the judge overruled the exception, the question arises as to whether or not he had a right to entertain an objection, based upon the same ground as was the exception. We entertain no doubt that he had a right to do so. The decree overruling the exception was merely an interlocutory decree. The judge had the right, therefore, at the stage of the proceeding at which the objection was made, to set aside the decree, even of his own motion, and thereafter to sustain the exception, upon finding that he had erred in overruling it. As our brother had that right, we think that he had the right to accomplish the same end indirectly by sustaining an objection, based on the same grounds as was the exception-”
In Messenger v. Anderson, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152, the Federal Supreme Court said:
“In the absence of statute the phrase, 'law of the case’, as applied to the effect of previous orders on the later action of the court rendering them in the same case, merely expresses a practice of courts generally to refuse to reopen what has been decided, not a limit to their power.”
In the subsequent trial on the exception, evidence was introduced by the defendant which was not available to them at the prior hearing. This evidence, according to the decision of the Lower Court conclusively showed that at the time the petitioner married the deceased, there was a serious legal impediment to such marriage, that is a prior marriage to Mr. Arnold. We, therefore, find no error on the Lower Court in its decision upon the trial of the second exception of peremption.
Article 117 of the Louisiana Civil Code provides that the marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith. In the present case the evidence shows that the petitioner was not in good faith when she went through the performance of the marriage ceremony with decedent.
In Wiley v. Stewart, 145 La. 1081, 83 So. 260, the Court held that a woman’s attempted second marriage while she knew that her first husband was living is not a good faith marriage.
In Beebe v. Moormack Gulf Lines, 5 Cir., 59 F.2d 319, certiorari denied 287 U.S. 597, 53 S.Ct. 22, 77 L.Ed. 520, the Court held that an undissolved prior marriage rendered second marriage ceremony in Louisi *228 ana null and void. Therefore, under the law and the jurisprudence of this state, the purported marriage of petitioner to the deceased, being in bad faith, produced no civil effects, and she has no right of action herein.
We further feel that the Lower Court was correct in dismissing the suit by petitioner on behalf of Paul Drake Babineaux who was born on August 7, 1960. As Mr. Arnold did not obtain a divorce from the petitioner until March 2, 1962, there is a conclusive presumption that Paul Drake Babineaux is his legal son. Article 184 of the Louisiana Civil Code provides:
“The law considers the husband of the mother as the father of all children conceived during the marriage.”
The Louisiana Supreme Court has held that this presumption “is the strongest presumption known in law.” Feazel v. Feazel, 222 La. 113, 62 So.2d 119.
Controlling as to the question presented is the decision in George v. Bertrand, La.App., 217 So.2d 47, writs refused, 253 La. 647, 219 So.2d 177, wherein the Court held that where a child was conceived and born during the marriage of his mother and her legal husband, so that child was a legitimate son of the mother’s legal husband, a man who was living with the mother at the time of child’s conception and birth and who later married child’s mother and who acknowledged the child, was not the child’s legal father and he did not legitimate the child and could not maintain an action for the wrongful death of the child. We feel that the reverse would be true and that, therefore, the child born under such conditions could not maintain an action for the wrongful death of its blood father who was not the legitimate father of the child.
We do feel, however, that the Lower Court erred in dismissing, as of nonsuit, the action brought by petitioner on behalf of her other minor children, namely, Dixie Anna Babineaux, Tracy Ann Babineaux, and Odie Dean Babineaux.
Article 926 of the Louisiana Code of Civil Procedure provides that an exception as to lack of procedural capacity is a dilatory exception. Article 928 of the Louisiana Code of Civil Procedure provides that the dilatory exception shall be pleaded prior to answer or judgment by default. The record clearly discloses that the exception was not filed until after the answer had been filed. Under the holding in Davis v. Royal—Globe Insurance Companies, La.App., 223 So.2d 912, the exception was filed too late and should not have been maintained by the Lower Court insofar as the said three children were concerned.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended so as to overrule the exception with regard to the claim by petitioner filed for and on behalf of her minor children, Dixie Anna Babineaux, Tracy Ann Babi-neaux, and Odie Dean Babineaux, and, as so amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendants.
Judgment amended and affirmed.