249 So.2d 276 (1971)
Claude ARNOLD
v.
STUPP CORPORATION et al.
No. 8368.
Court of Appeal of Louisiana, First Circuit.
May 31, 1971.
Rehearing Denied June 30, 1971.
*277 H. Alva Brumfield and Sylvia Roberts, Baton Rouge, for appellant.
James H. Hynes, Frank Coates, Jr., of Taylor, Porter, Brooks & Phillips, Baton Rouge, for appellees.
Before LANDRY, ELLIS, and BLANCHE, JJ.
ELLIS, J.:
This is an appeal from a summary judgment, dismissing the suit of plaintiff, Claude Arnold, against defendants, Stupp Corporation and The Travelers Indemnity Company, Stupp's insurer.
Plaintiff brought this suit in tort against the defendants, alleging that he was injured when a ladder on which he was working broke, causing him to fall. It is alleged that the ladder was owned and negligently maintained by Stupp.
Stupp moved for summary judgment alleging that Arnold, although nominally employed by Charles Carter Company, Inc., was engaged in doing routine maintenance work on Stupp's building, and that his only remedy was in workmen's compensation. The trial judge then handling the case overruled the motion for summary judgment on November 4, 1968.
On March 9, 1970, with a different judge sitting on the case, defendants once again moved for summary judgment on the basis of the same affidavits, depositions and pleadings first submitted. After a hearing, the motion was sustained and plaintiff's suit dismissed.
Plaintiff first complains that the trial judge was without authority to change the ruling of the prior judge on the motion for summary judgment. We find this contention to be without merit.
The first ruling of the court was not a final judgment, but was interlocutory in nature. Article 1841, Code of Civil Procedure. Not being a final judgment, it is not res judicata of the matter covered thereby. Under the provisions of Articles 2286 and 3556(31), only final judgments are res judicata.
Article 1631 of the Code of Civil Procedure provides as follows:
"The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done."
We think that a trial judge, under the broad powers conferred by the above article, has the authority to review any interlocutory order rendered by him during the progress of a case. The courts of Louisiana have held it to be proper for a judge to change a prior interlocutory decree, *278 particularly if the new ruling works to do substantial justice in the case. See Labourdette v. Doullut & Williams Shipbuilding Co., 156 La. 412, 100 So. 547 (1924); Register v. Harrell, 131 La. 983, 60 So. 638 (1913); Babineaux v. PernieBailey Drilling Co., 250 So.2d 224 (La. App. 1 Cir. 1971).
Neither do we find the "law of the case" doctrine to be applicable. It has been applied in Louisiana to prior rulings of law by appellate courts on interlocutory matters in the same case, but no court has found that interlocutory rulings of a trial court are completely binding on that court during later stages of the trial. See Keller v. Thompson, 134 So.2d 395 (La.App. 3 Cir. 1961).
Plaintiff further claims that the summary judgment was improvidently rendered because there exists an issue of material fact as to whether plaintiff was performing work which was part of the trade, business or occupation of Stupp Corporation.
The facts presented by the affidavits and depositions are substantially as follows:
Vibration from wind load and the operation of an overhead crane had weakened and loosened structural bolts in Stupp's building. The work of replacing these bolts was offered to Stupp's maintenance personnel who had in the past regularly replaced structural bolts as they became loose or corroded. The work was declined by Stupp's employees "because of the hazards of high work to which they are not accustomed."
Stupp then entered into a contract to replace the bolts with Charles Carter & Co., Inc., the regular employer of plaintiff. It was while engaged in carrying out the contract that plaintiff fell and was injured. It is not shown by the record that plaintiff possessed any skill in ironworking not possessed by Stupp's regular maintenance employees except the willingness and ability to do high work. We further conclude that the work performed by the plaintiff was in the nature of routine maintenance work.
R.S. 23:1061 provides as follows:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him. * * *"
It has been repeatedly held that maintenance and repair of buildings and equipment is a part of the trade, business or occupation of a principal. Stansbury v. Magnolia Petroleum Company, 91 So.2d 917 (La.App. 1 Cir. 1957); Allen v. United States Fire Insurance Company, 222 So.2d 887 (La.App. 2 Cir. 1969); Goodwin v. United States Rubber Company, 186 So.2d 356 (La.App. 1 Cir. 1966). We find no merit in plaintiff's contention that the work being done by him was "special maintenance work" and not covered by R. S. 23:1061. The record clearly reflects to the contrary.
We find no conflict in the facts presented by the affidavits. The only difference is the legal conclusion drawn therefrom by the two judges who entertained the motion. We find that the holding of the second judge is correct under the law.
The judgment appealed from is affirmed, at plaintiff's cost.
Affirmed.