CHEHARDY, Chief Judge.
This appeal concerns the interpretation of a judgment awarding permanent alimony.
On June 8, 1984 a judgment was rendered divorcing Larry and Brenda Terrio. That judgment read in part: “It is further ordered, adjudged and decreed that Larry James Terrio be ordered to pay unto Brenda Edler Terrio alimony in the amount of $125.00 per week; and Larry James Terrio to carry medical insurance on Brenda Ter-rio until the community is partitioned.”
The community property was partitioned on March 8, 1985. On March 6, 1986 Brenda Terrio filed a motion for contempt, exec-utory arrearages and attorney’s fees, complaining that Larry Terrio had failed to pay alimony.
That motion was heard on May 5, 1986. Both parties stipulated that no alimony payments had been made since the settlement of the community. The court held in favor of Larry Terrio dismissing Brenda Terrio’s claim.
Brenda Terrio appealed that judgment. On January 13, 1987 this court rendered a decision reversing the trial court’s decision and remanding the case for a hearing on the merits. Terrio v. Terrio, No. 86-CA-480 (La.App. 5 Cir., January 12, 1987) (Not Designated for Publication).
The matter came before the trial court on March 27, 1981. Testimony, argument and memoranda were presented. Subsequently, the trial court took the matter under advisement and ordered that the testimony of Mrs. Terrio’s past attorney be submitted into evidence.
Shortly thereafter, and without the testimony of that witness, the trial judge rendered judgment finding that no further testimony would be of value and that Larry Terrio was liable for all past-due alimony not paid, in the amount of $125 per week. It is from that judgment that Larry Terrio presently appeals.
Appellant alleges the trial court erred in finding Brenda Terrio entitled to alimony after partition of the community. We disagree.
This is the second time this issue is raised before this court. In January 1987 we determined that the words “until the community is partitioned” contained in the June 4, 1984 judgment pertained only to the medical insurance. It was our opinion that the award of alimony did not end upon settlement of the community. We reversed the judgment of the trial court dismissing Brenda Terrio’s motion for contempt, exec-utory arrearages and attorney’s fees, and remanded the case. Terrio v. Terrio, supra.
That holding became the law of this case and was binding on the trial court. Petition of Sewerage and Water Board of New Orleans, 278 So.2d 81 (1973). Therefore, the trial court correctly found that Larry Terrio has a continuing obligation of alimony to Brenda Terrio in the amount of $125 per week.
Law of the case can be applied “at the appellate court level in regard to parties who have had the identical issue presented and decided previously by that appellate court in an earlier appellate proceeding in the same case.” Petition of Sewerage and Water Board of New Orleans, supra; Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972). Such is the case before us today. We, therefore, rely on our prior decision to reassert that Mr. Terrio has a continuing obligation to pay alimony under the judgment of June 8, 1984.
Appellant further complains that the trial judge initially intended to wait to render judgment until the testimony of an attorney who represented Mrs. Terrio in June of 1984 could be considered, but subsequently changed his mind and rendered judgment without waiting for such testimony. He contends that the trial court erred in changing this ruling as full and proper consideration of this case requires the testimony of all those involved. We disagree.
The ruling ordering that the testimony be taken did not determine the merits of the case. Rather, it concerned only preliminary matters and, therefore, was interlocutory. LSA-C.C.P. art. 1841.
*656 Louisiana jurisprudence has recognized that prior to final judgment, a trial judge may change the substance of an interlocutory ruling. Labourdette v. Doullut and Williams Shipbuilding Co., 156 La. 412, 100 So. 547 (1924); Bordelon v. Dauzat, 389 So.2d 820 (La.App. 3 Cir.1980).
Additionally, LSA-C.C.P. art. 1631 provides in pertinent part:
“The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.”
This language affords the trial judge broad discretion to review an interlocutory order rendered by him during the progress of a case. Arnold v. Stupp Corporation, 249 So.2d 276 (La.App. 1 Cir.1971). We find no abuse of discretion in the trial court’s ruling that certain testimony was not necessary for the resolution of this case.
For the foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellant.
AFFIRMED.